UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS,
UNION DEPOSIT FUND,

    Plaintiff,

vs.

G&T COMMERCIAL COATINGS,
INC. and ANASTASIOS G. LIANGIS,

    Defendants.
_____/

Civil Action No.
13-CV-13261

Honorable Patrick J. Duggan

## ORDER FOR SUPPLEMENTAL BRIEFING

This is an action for unpaid fringe benefit contributions. The matter is presently before the Court on the parties' cross-motions for summary judgment, which are now fully briefed.

An issue in this case is the meaning of the following provision of the pertinent collective bargaining agreement (CBA):

> Employer shall contribute monthly or weekly or at such other intervals as shall be required . . . the sum of [$16.08] for each hour worked during that month or other interval by all employees employed by him and covered by this Agreement . . .

On the one hand, Defendants argue that the phrase "and covered by this Agreement" modifies "each hour worked," thus requiring the employer to contribute only for hours spent performing work that is covered under the CBA. According to Defendants, "covered" work is defined elsewhere in the CBA as "any preparatorial work, wall washing, painting, hanging of wallpaper, or wall covering, removal of wallpaper or paper cleaning."

On the other hand, the Trustees appear to argue that the phrase "and covered by this Agreement" modifies "all employees" so that if any covered employee performs any work at all

1

– regardless of whether the work itself is covered or uncovered – the employer is obligated to contribute for every hour worked.[1] Yet the Trustees have litigated this case as if they agree with the interpretation urged by Defendants inasmuch as the amount of damages sought in this matter was computed by the Trustees' auditor, Jeffrey Ruehle, based on his belief that Defendants are obligated to contribute only for hours spent performing covered work. *See* Ruehle Aff. ¶ 13 ("I amended the debit memo downward because I was satisfied to the extent of the amount of the reduction given . . . that payments made to the employees through the general register were not for covered work."). Even counsel for the Trustees, in addition to the Trustees' auditor, also apparently believes that contributions are only required for hours spent performing covered work because he explicitly said so in his client's summary judgment brief: "Under the governing [CBA], Defendant G&T is obligated to make fringe benefit payments at the designated hourly rate for each hour of covered work performed." Page ID 812-813.

By May 21, 2014, the Trustees shall file a supplemental brief, not to exceed ten pages in length, addressing the following questions:

> (1) Do the Trustees agree with Defendants that the above-quoted CPA provision should be interpreted to mean that Defendants are obligated to contribute only for hours spent performing covered work?
>
> (2) If the answer to question (1) is "yes," do the Trustees agree that "covered" work means "any preparatorial work, wall washing, painting, hanging of wallpaper, or wall covering, removal of wallpaper or paper cleaning"?
>
> (3) If the answer to question (1) is "no," have the Trustees waived their right to assert the argument that contributions must be made for all work performed by covered employees by virtue of the position taken by Mr. Ruehle, combined with the above-quoted statement

---

[1] In support of this interpretation, the Trustees rely heavily on a dated, unpublished case decided by another judge of this court in which the exact same CBA provision was interpreted in the manner urged by the Trustees. *See Painters Union Deposit Fund v. D.P.L. Painting, Inc.*, No. 83-CV-0374 (E.D. Mich. Apr. 1, 1985). So far as the Court is aware, no other court has interpreted the exact CBA language at issue in this case.

2

by counsel conceding that contributions are required "for each hour of covered work performed"?[2]

If Defendants wish to be heard regarding the three questions posed to the Trustees above, they may file a supplemental brief, not to exceed ten pages in length, within seven days of the date on which the Trustees filed their supplemental brief.

**SO ORDERED**.


Dated: May 14, 2014                         s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE



Copies to:
Stephen D. Kursman, Esq.
Daniel G. Helton, Esq.
Robert E. Day, Esq.

---

[2] The Court is aware of the Trustees' separate argument that, as a result of Defendants' alleged inadequate recordkeeping, Defendants are liable for contributions on all hours worked by a given employee during a period in which it is shown that the employee performed some covered work. *See Mich. Laborers' Health Care Fund v. Grimaldi Concrete, Inc.*, 30 F.3d 692, 696 (6th Cir. 1994). This argument is entirely separate from the argument that the CBA language requires contributions for all hours worked by covered employees. In their supplemental brief, the Trustees should address only their argument regarding the CBA language and not their argument regarding the applicability of *Grimaldi Concrete*'s burden-shifting framework.

3